IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 21-cr-00133-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JACOB NEWMAN,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER SENTENCE

This matter is before the Court on Defendant Jacob Newman's Motion to Reconsider Sentence (Doc. # 36). The Court denies the Motion.

On July 8, 2021, Mr. Newman entered a plea of guilty to one count of theft of government property pursuant to 18 U.S.C. § 641. (Doc. # 13.) Mr. Newman's sentencing hearing was held on December 1, 2021, at which time the Court calculated an advisory imprisonment range of 15 to 21 months and a fine range of $5,500 to $55,000, with a supervised release range of not more than 3 years. (Doc. # 30 at 14.) The Court sentenced Mr. Newman to 15 months imprisonment and 3 years of supervised release, ordered him to pay $120,532.00 in restitution, and ordered him to self-surrender within 15 days after the Bureau of Prisons ("BOP") designated the facility in which he is to serve his sentence. (Doc. # 25.) The Court subsequently granted Mr.

Newman a 30-day extension of time to self-surrender and ordered him to surrender himself to the BOP on February 4, 2022. (Doc. # 35.)

Mr. Newman now moves for the Court to reconsider his sentence on the basis that he received ineffective assistance of counsel at sentencing. (Doc. # 36 at 4.) Specifically, Mr. Newman argues that his counsel failed to properly present mitigating evidence at sentencing and failed to advise the Court that Mr. Newman was willing to cooperate or accept responsibility in this case. (*Id.* at 1–2.)

"In the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence." *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006). The Court "may not modify a term of imprisonment once it has been imposed" except in certain limited circumstances: (1) upon motion of the BOP or the defendant if "extraordinary and compelling reasons" warrant a reduction or the defendant is at least 70 years of age, has served 30 years in prison, and "is not a danger to the safety of any other person or the community"; (2) if modification is permitted by statute or by Fed. R. Crim. P. 35; or (3) if a defendant was sentenced to a term of imprisonment based upon a guideline range that was subsequently lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c).

None of the above circumstances apply to Mr. Newman's case, and therefore the Court must deny Mr. Newman's Motion as a matter of law. Mr. Newman's arguments relating to whether he received ineffective assistance of counsel are more appropriate for a petition for relief pursuant to 28 U.S.C. § 2255. However, because Mr. Newman is not yet "in custody," such a petition would be premature. *See* 28 U.S.C. § 2255(a)

(permitting "a prisoner in custody under sentence of a court established by Act of Congress" to "move the court which imposed the sentence to vacate, set aside or correct the sentence").

Further, the Court sentenced Mr. Newman based upon a thorough consideration of the 18 U.S.C. § 3553(a) factors. Upon reviewing Mr. Newman's motion and the applicable record, the Court sees no "arithmetical, technical, or other clear error" that would permit modification of the sentence under Fed. R. Crim. P. 35(a).

For the foregoing reasons, the relief that Mr. Newman seeks is prohibited by the plain text of 18 U.S.C. § 3582(c) and must be denied as matter of law.

Accordingly, Mr. Newman's Motion to Reconsider Sentence (Doc. # 36) is DENIED.

DATED: January 24, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge