IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Criminal Action No. 21-cr-00133-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JACOB NEWMAN,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO MODIFY, AMEND AND/OR ALTER SENTENCE UNDER THE PROVISIONS OF 28 U.S.C. § 2255**

---

This matter is before the Court on Defendant Jacob Newman's Motion to Modify, Amend and/or Alter Sentence Under the Provisions of 28 U.S.C. § 2255. (Doc. # 43). For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

Mr. Newman pleaded guilty in July 2021 to one count of theft of government property pursuant to 18 U.S.C. § 641. (Doc. # 13.) The offense related to a scheme to defraud the government in which Mr. Newman was a participant, along with his brother, his wife, and a number of other individuals. (*Id.* at 4–5.) On December 1, 2021, the Court sentenced Mr. Newman to 15 months imprisonment and 3 years of supervised release and ordered him to pay $120,532 in restitution. (Doc. # 25.) Mr. Newman did not file a direct appeal.

Mr. Newman now contends that his sentence should modified or vacated on the grounds that he received ineffective assistance of counsel during sentencing. (Doc. # 43.) He argues that his counsel failed to (1) provide the Court with character reference letters and/or other materials in mitigation; (2) advise the Court about his willingness to cooperate with the Government; and (3) explain to the Court that it was solely on the advice of counsel that Mr. Newman did not participate in assisting the Government. (*Id.* at 6.) The Government filed a response opposing the motion. (Doc. # 51.)

## II.  LEGAL STANDARDS

### A.  STANDARD OF REVIEW FOR § 2255 MOTIONS

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The reviewing court must set aside the judgment if it determines that the sentence is unconstitutional or unlawful. 28 U.S.C. § 2255(b). However, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may deny the motion without an evidentiary hearing. *Id.*; *see United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004).

### B.  *PRO SE* STANDARD OF REVIEW

Because Mr. Newman proceeds *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to

fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

### III. DISCUSSION

A defendant claiming to have received ineffective assistance of counsel must show that (1) his attorney's performance was deficient; and (2) the attorney's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a "strong presumption" that counsel's performance "falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish deficient performance, Mr. Newman must show that his attorney's representation "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 688. To demonstrate prejudice, Mr. Newman must show that there is a reasonable probability that, absent counsel's errors, "the result of the proceeding would have been different." *Id.* at 694.

### A. CHARACTER LETTERS AND MITIGATION MATERIALS

First, Mr. Newman contends that his counsel failed to provide the Court with any type of character reference letters or other materials relevant to mitigation. (Doc. # 43 at 2.) He asserts that this "included failing to put any information in the Sentencing Memorandum[s] which could have been useful to the Court in considering his sentence" and that this failure "prevented the Court from having a complete appreciation and/or

understanding of [his] background, service to the community and/or prior good conduct that could have made a difference in sentencing." (*Id.*)

Although Mr. Newman vaguely asserts that his counsel failed to provide character letters or other materials relevant to mitigation, Mr. Newman does not identify any specific materials or mitigating evidence that his counsel allegedly failed to include for sentencing.[1] *See* (Doc. # 43 at 2–3.) Moreover, Mr. Newman provides no indication as to what details of his "background, service to the community, and/or prior good conduct" could have been uncovered with an investigation or offered to the Court via character letters or other evidence. The Court "is not required to fashion [Mr. Newman's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); *see United States v. Garcia*, 825 F. App'x 571, 575 (10th Cir. 2020) (holding that conclusory allegations of counsel's failure to present any mitigating evidence do not suffice to state an ineffective assistance of claim). Because Mr. Newman has not met his burden of identifying any "acts or omissions" made by his counsel with respect to mitigating evidence, the Court finds that he has failed to state a claim for ineffective assistance of counsel. *Strickland*, 466 U.S. at 690–91.

**B.    COOPERATION**

Next, Mr. Newman argues that his counsel "failed to properly advise the Court about [his] willingness to cooperate or accept responsibility in this case." (Doc. # 30 at

---

[1] The Court notes that at the sentencing hearing, defense counsel stated that Mr. Newman's ex-wife, Anne Hensley, submitted a letter of reference through probation. (Doc. # 30 at 8.) The Court reviewed that letter prior to the sentencing hearing. (*Id.* at 3.)

3.) He contends that he was "ready, willing and able to cooperate with the Government" but that he was specifically advised by counsel not to participate in any way. (*Id.*) Further, Mr. Newman asserts that he "was expressly advised by Counsel that if the issue of his cooperation was raised by the Court in any negative way that Counsel would explain that it was solely on his advice that [Mr. Newman] did not participate in assisting the Government." (*Id.*)

    1.    <u>Background</u>

At the sentencing hearing, the Court addressed Mr. Newman's motion for a variant sentence of four years probation. (Doc. # 30 at 5.) The Court observed that the Government did not oppose a downward variance, however, the Government opposed a straight probationary sentence because Mr. Newman's circumstances were "different than the other four individuals who have already been sentenced for their role in this scheme." (*Id.* at 6.) The Court explained, in part:

> [T]he Government indicates that each of the other defendants provided cooperation to the Government, and as a result, the Government filed a 5K1.1 motion seeking a reduction in each of these defendants' sentences due to substantial assistance.
>
> In this case, the defendant never provided any such assistance, and unlike the other defendants, the defendant never met with agents to provide any debriefing statements, nor did he provide any important records such as business files or information contained on cellphones, as did the other defendants.

(*Id.*) After summarizing the parties' respective positions from the briefing, the Court indicated that it was inclined to not give a variance in this case and to sentence Mr. Newman to somewhere within the advisory guideline range of imprisonment. (*Id.* at 7.)

Then the Court provided defense counsel, the Government, and Mr. Newman the opportunity to speak and persuade the Court otherwise.

In his argument, defense counsel raised many points regarding Mr. Newman's good character, his responsibilities as a father and husband, his lessened culpability for the scheme compared with his brother, who was the ringleader, and his remorse, among other factors. (*Id.* at 8–11.) Defense counsel did not say anything about cooperation with the Government. After the Government explained that it recommended a reduction in sentence in part so that Mr. Newman would receive a sentence similar to those received by other individuals connected to the scheme, the Court responded, "I am not sure why these cases were all indicted separately, because that is going to result in disparate sentences, but this defendant didn't bother to show remorse by cooperating or doing anything and I just don't see the basis for a variant sentence." (*Id.* at 12.) Mr. Newman then had the opportunity to make a statement in which he apologized. (*Id.* at 13.) He also did not mention his willingness to cooperate. (*Id.*)

2.   Analysis

In order to succeed on his claim that his counsel was ineffective for advising him not to cooperate and for failing to tell the Court about his willingness to cooperate at the sentencing hearing, Mr. Newman must show that his attorney's advocacy fell below an "objective standard of reasonableness" and that, but for counsel's deficient representation, his sentence would have been different. *Strickland*, 466 U.S. at 687–88. To overcome the presumption of objective reasonableness, Mr. Newman "has the

burden of showing that counsel's action or inaction was not based on a valid strategic choice." *Bullock v. Carver*, 297 F.3d 1036, 1047 (10th Cir. 2002).

First, the Court notes that only the government may file a motion under U.S.S.G. § 5K1.1 for a downward departure based on substantial assistance. *Wade v. United States*, 504 U.S. 181, 185 (1992). Sentencing courts "generally have no authority to compel the government to file a downward departure motion under § 5K1.1 or to grant a downward departure under that section without a government motion." *United States v. Maldonado-Acosta*, 210 F.3d 1182, 1183 (10th Cir. 2000) (citation omitted). Mr. Newman bears the burden of showing that had his counsel advised him to cooperate with the Government, he would have received the benefit of a § 5K1.1 motion or his sentence would have been different. *See United States v. Burch*, 166 F. Supp. 2d 1319, 1324 (D. Kan. 2002) (finding that petitioner "failed to demonstrate any reasonable probability that her sentence would have been different had her trial counsel argued for a § 5K1.1 departure").

Just as with his ineffective assistance claim regarding character letters and mitigation, Mr. Newman provides almost no detail or explanation regarding his alleged willingness to cooperate. For example, Mr. Newman does not offer anything to indicate that he had information that would be of interest to the Government, that the Government was interested in cooperating with him, or that the Government would have filed a § 5K1.1 motion based on his cooperation. By failing to provide any supporting factual development or evidence, Mr. Newman has not shown that his counsel's decisions to advise him not to cooperate and to refrain from mentioning cooperation at

the hearing were anything other than "valid strategic choice[s]" in light of the circumstances of this case. *Bullock*, 297 F.3d at 1047. Notably, before defense counsel presented his argument at the sentencing hearing, the Court had already observed that Mr. Newman "never met with agents to provide any debriefing statements, nor did he provide any important records such as business files or information contained on cellphones, as did other defendants." (Doc. # 30 at 6.) His counsel could have reasonably determined that a better sentencing argument would avoid further emphasis on Mr. Newman's lack of cooperation and instead focus on Mr. Newman's family, character, remorse, and other factors. Mr. Newman offers nothing to rebut the presumption that his attorney's advice and argument constituted strategic decisions. *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) ("Counsel's competence . . . is presumed, and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.") (citation omitted).

Further, any suggestion that the Court would have imposed a different sentence if it knew that Mr. Newman had been willing to cooperate but was advised not to (notwithstanding the fact that he did not cooperate) is speculation and cannot sustain a claim for ineffective assistance of counsel. *See United States v. Blackwell*, 127 F.3d 947, 954 (10th Cir. 1997) (pure speculation about what a sentencing court would have done if it knew different information is insufficient to invalidate a sentence on collateral attack). Although lack of cooperation was one factor that the Court addressed in determining an appropriate sentence, the Court also observed that Mr. Newman had a

8

higher criminal history category than the other defendants connected with the case who had received lower sentences. (Doc. # 30 at 7.) Given the varied reasons stated by the Court for imposing the sentence in this case, the Court finds that Mr. Newman's bare allegation that he would have received a lower sentence if his attorney had explained that he advised Mr. Newman not to cooperate is speculative and insufficient to establish ineffective assistance of counsel.

In sum, Mr. Newman has not adequately demonstrated that his counsel performed deficiently or that he was prejudiced by any alleged deficiency. Because Mr. Newman's allegations are "merely conclusory in nature and without supporting factual averments," he has failed to satisfy either *Strickland* prong and his ineffective assistance of counsel claims must be denied. *See Fisher*, 38 F.3d at 1147.

## C.     CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability in this case

because Mr. Newman has not made a substantial showing of the denial of a constitutional right.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Newman's Motion to Modify, Amend and/or Alter Sentence Under the Provisions of 28 U.S.C. § 2255 (Doc. # 43) is DENIED. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Newman has not made a substantial showing of the denial of a constitutional right.

DATED:  October 31, 2022

                                        BY THE COURT:

                                        _____
                                        CHRISTINE M. ARGUELLO
                                        Senior United States District Judge